**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| HUMISTON, | ) | No. 05-3216-PHX-JAT |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| NATIONWIDE   MUTUAL   FIRE INSURANCE CO., | ) | |
| Defendant. | ) | |

Pending before this Court is Defendant's Motion to Amend Answer and Assert Counterclaim (Doc. 12).

**I.     FACTUAL BACKGROUND**

The Plaintiff suffered a water loss on his property on September 28, 2004.   On October 13, 2004, the Plaintiff hired James O'Toole (O'Toole), a public adjuster, to estimate the value of the loss.   O'Toole later requested an appraiser, and on November 5, 2004, Plaintiff retained John Hall (Hall).   On May 10, 2005, appraisers for the Defendant and Plaintiff signed an award, agreeing upon the amount of money that Nationwide Mutual Fire Insurance Company (Nationwide) would pay the Plaintiff.   The contract provided that in the event that the parties' appraisers could not agree upon the amount of the loss, then they would choose an umpire.   The contract further specified that any two of the three signatures

would determine the amount of the loss.  Although he was never called upon to resolve a dispute, the umpire ratified and signed the appraisers' award on May 12, 2005.

Plaintiff brought suit in Maricopa County Superior Court on September 7, 2005. The complaint alleges breach of contract and breach of the covenant of good faith and fair dealing against Nationwide for the manner in which they handled Plaintiff's claim.  On October 14, 2005, Nationwide removed the action to the United States District Court for the District of Arizona.

On December 19, 2005, this Court held the Rule 16(b) pretrial conference.  At that conference, the Court adopted three deadlines.  This Court scheduled: (1) March 10, 2006, as the deadline for Defendant to amend its Answer; (2) September 11, 2006, as the deadline for discovery; and (3) October 16, 2006, as the deadline for dispositive motions.  On January 3, 2006, Defendant received Plaintiff's initial disclosure statement.  Within that disclosure statement are facts that purportedly demonstrate an inappropriate business relationship between O'Toole and Hall.  On March 10, 2006, Defendant filed a Motion to Amend Answer and Assert Counterclaim based upon the information contained within the disclosure. Plaintiff objects to Defendant's Motion to Amend Answer and Assert Counterclaim.

## II.   LEGAL ANALYSIS AND CONCLUSION

Generally, Federal Rule of Civil Procedure 15(a) governs a motion to amend pleadings to add claims or parties.  In the present case, Rule 16 could also apply because Defendant requested leave to amend after Court issued the Rule 16 Scheduling Order.  Here, Defendant submitted its Motion to Amend Answer by the deadline the Court set in the Rule 16(b) pretrial conference.  It is therefore unnecessary to examine Rule 16 further.

Rule 15(a) provides in pertinent part:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served.  Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed. R. Civ. P. 15(a).  The decision whether to grant or deny a motion to amend is within the

1    trial court's discretion.  In *Foman v. Davis,* the Supreme Court declared that leave to amend

2    "shall be freely given when justice so requires.  This mandate is to be heeded."  371 U.S.

3    178, 182 (1962).  Therefore, when exercising its discretion under Rule 15(a), a court must

4    be guided by the underlying purpose of the rule, which is "to facilitate decision on the merits

5    rather than on the pleadings or technicalities."  *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th

6    Cir. 1987).  Thus, Rule 15's policy of favoring amendments to pleadings should be applied

7    with extreme liberality.  "Generally, this determination should be performed with all

8    inferences in favor of granting the motion."  *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877,

9    880 (9th Cir. 1999) (citing *DCD Programs v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)).

10    A party does not have an unlimited opportunity to amend its Answer.  The United

11    States Supreme Court has established that motions to amend should not be granted if the

12    district court determines that there has been a showing of:  (1) undue delay; (2) bad faith or

13    dilatory motives on the part of the movant; (3) repeated failure to cure deficiencies by

14    previous amendments; (4) undue prejudice to the opposing party; or (5) futility of the

15    proposed amendment.  *Foman*, 371 U.S. at 182; *Madeja v. Olympic Packers*, 310 F.3d 628,

16    636 (9th Cir. 2002) (quoting *Yakima Indian Nation v. Wash. Dep't of Revenue*, 176 F.3d

17    1241, 1246 (9th Cir. 1999)) (citation and internal quotation marks omitted).

18    Here, Plaintiff argues that Nationwide's motion should be denied on four grounds: (1)

19    it acted with undue delay; (2) the amendment would be futile; (3) Nationwide waived its

20    objection to Plaintiff's chosen appraiser; and (4) the Amendment is barred by Rule 13.

21    Significantly, Plaintiff, as the "party opposing amendment," bears the burden of showing

22    prejudice, futility, or one of the other permissible reasons for denying a motion to amend.

23    *DCD Programs*, 833 F.2d at 187; *see Richardson v. United States*, 841 F.2d 993, 999 (9th

24    Cir. 1988) (stating that leave to amend should be freely given unless opposing party makes

25    "an affirmative showing of either prejudice or bad faith").

26    **A.    UNDUE DELAY**

27    The first ground upon which this Court could deny leave to amend is undue delay.

28    Delay, by itself, is insufficient to justify denial of motion to amend.  *Hurn v. Retirement*

1   *Fund Trust of Plumbing*, 648 F.2d 1252, 1254 (9th Cir. 1981) (citing *Howey v. United States*,

2   481 F.2d 1187, 1190-91 (9th Cir. 1973)).  Additionally, the Defendant was not even late to

3   file. It submitted its motion to amend on March 10, 2006, which is within the deadline this

4   Court set in the Rule 16 Scheduling Order.  Plaintiff then claims that Defendant's "ultimate

5   goal" is to file a motion to vacate the appraisal award, and that the Court must disallow an

6   amendment to the answer because this "ultimate goal" would be untimely.  This Court is not

7   ruling on a hypothetical motion that may be filed in the future.  It is ruling on the ability of

8   the Defendant to amend its Answer, and thus undue delay does not apply.

9        **B.    FUTILITY**

10       Second, Plaintiff argues that the motion would be futile.  Regarding futility, "[a]

11   district court does not err in denying leave to amend where the amendment would be futile

12   . . . or would be subject to dismissal."  *Saul v. United States*, 928 F.2d 829, 843 (9th Cir.

13   1991) (citations omitted); *see also Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir.

14   1988) ("A motion for leave to amend may be denied if it appears to be futile or legally

15   insufficient."(citation omitted)).  Similarly, a motion for leave to amend is futile if it can be

16   defeated on a motion for summary judgment. *Gabrielson v. Montgomery Ward & Co.*, 785

17   F.2d 762, 766 (9th Cir. 1986).  "However, a proposed amendment is futile only if no set of

18   facts can be proved under the amendment to the pleadings that would constitute a valid and

19   sufficient claim or defense."  *Miller*, 845 F.2d at 214.  For the reasons discussed below,

20   neither the additional affirmative defense nor the counterclaim are futile.

21       First, Plaintiff argues that because the appraisal award only required the signature of

22   two out of the three representatives, the replacement of its agent would not alter the

23   magnitude of the award.   Because the magnitude of the award could not change, Plaintiff

24   asserts that it must prevail in a motion for summary judgment on the issue.  This Court does

25   not believe that issue to be dispositive.  Judge David C. Bury's decision in the matter of

26   *Charlie Gahn dba Olde Tymers Restaurant v. Columbia Casualty Insurance Company*, No.

27   03-630 (D. Ariz. Nov 22, 2005) (Order granting Disqualification of Plaintiff's Appraiser),

28   indicates that at least one trier of fact was troubled by the allegations that Hall and O'Toole

1   were working together.  He also found that under a similar contract, the removal of Hall

2   *would* make a difference despite the rule that two out of three signatures on the award would

3   be binding upon both parties.  Plaintiff has not met its burden of convincing this Court that

4   "no set of facts can be proven under the amendment to the pleadings that would constitute

5   a valid and sufficient claim or defense."  *Miller*, 845 F.2d at 214.

6       Second, Defendant wishes to assert a Counterclaim alleging breach of contract by

7   Plaintiff.  Rule 15 strongly reflects an intent for litigation to be resolved on the merits and

8   that amendments for valid claims should be liberally granted.  "This liberality . . . is not

9   dependent on whether the amendment will add causes of action or parties." *DCD Programs,*

10  *LTD. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).  A trier of fact could find that the

11  Plaintiff breached its duty to the Defendant under the contract.   Additionally, the

12  counterclaim asserted does not address the appraisal award.  The counterclaim asserts that

13  the Plaintiff breached its contract *on other grounds*, namely by not choosing an independent

14  or impartial appraiser.  It would not be futile for the Defendant to pursue this cause of action

15  because the Plaintiff could prevail on the merits of its claim and the Defendant could prevail

16  on the merits of this entirely unrelated matter.

17      **C.    WAIVER**

18      Third, Plaintiff contests the motion to amend by alleging that Defendant waived its

19  right to dispute the appraiser.  This motion does not concern impartiality of the appraiser, but

20  rather, the ability of the Defendant to amend its Answer. Waiver occurs when a party

21  relinquishes a known right or exhibits conduct that clearly warrants an inference of an

22  intentional relinquishment. *Meineke v. Twin city fire Ins. Co.*, 892 P.2d 1365, 181 Ariz. 576

23  (Ct. App. 1995). Here it is clear that Defendant did not waive its right to amend its Answer,

24  and this Court will look no further to determine whether it waived rights under the contract

25  which forms the basis of this action.

26      **D.    RULE 13**

27      Fourth, Plaintiff claims that Defendant's counterclaim is a compulsory counterclaim

28  within the meaning of Rule 13(a), and must therefore be barred as untimely.  Under Rule

13(a), a party who fails to plead a compulsory counterclaim against an opposing party is deemed to have waived that claim. *Dragor Shipping Corp. v. Union Tank Car Co.,* 378 F.2d 241, 244 (9th Cir. 1967). However, Rule 13(f) allows a party to amend its pleadings and assert a counterclaim if the counterclaim was originally omitted "through oversight, inadvertence, or excusable neglect, or when justice requires." Fed. R. Civ. P. 13. Plaintiff cites to *Ralston-Purina Co. v. Bertie*, 541 F.2d 1363 (9th Cir. 1976), stating the proposition that barring of counterclaims is favored where the party seeking leave to amend could not adequately explain the reason for the delay. Although this court agrees with that statement of law, it is not applicable here. Here, Defendant adequately explained the reason for delay. This motion is based upon information that was acquired by Defendant during discovery. Rule 13 does not bar the Defendant from Amending Answer and Asserting Counterclaim. / / /

1  Based on the foregoing,

2  **IT IS ORDERED** that Plaintiff's Motion to Amend and Assert Counterclaim (doc.

3  12) is granted.

4  **IT IS FURTHER ORDERED** that Defendant shall file the Amended Answer and

5  Counterclaim within ten days of the date of this order.

6  DATED this 27th day of June, 2006.

7

8

9

10

11

12

13

14

15

James A. Teilborg
United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

- 7 -